# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR E. AVENDANO MORALES,<br><br>Petitioner,<br><br>v.<br><br>JACK W. BENNETT, *et al.*,<br><br>Respondents. | Case No. 14-cv-120-BAS(KSC)<br><br>**ORDER DENYING PETITION AS MOOT AND DISMISSING ACTION** |

On January 17, 2014, Petitioner Cesar E. Avendano Morales filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, requesting that this Court release him from custody or order that he be afforded another bond hearing. At the time, Petitioner was detained by the Department of Homeland Security.

On April 29, 2015, the Court issued an order directing Respondents to file a short status report regarding the status of Petitioner's removal proceedings and related appeals. The order mailed to Petitioner was returned as undeliverable with a note that Petitioner was no longer at the facility that he identified in his contact information and that no forwarding address was available. (ECF No. 31.) Respondents filed a status

report informing the Court that, among other things, Petitioner was removed to Guatemala on January 30, 2015. (Status Report Ex. U.) Respondents submit a copy of the executed warrant of removal / deportation. (*Id.*)

## I.     ANALYSIS

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted); *see also Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) ("In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (citations and internal quotation marks omitted)). Simply put, federal courts lack jurisdiction to consider moot questions. *See Spencer*, 523 U.S. at 7 ("throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision'") (citation omitted); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (federal courts do not have jurisdiction to consider moot claims).

"Deportation from the United States after filing a habeas petition does not necessarily moot a petitioner's claim." *Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* at 1064. If the habeas petition raises claims that were fully resolved by release from custody, then the petition becomes moot "because successful resolution of their pending claims could no

longer provide the requested relief." *Id.* at 1065.

Here, Respondents confirm that Petitioner was removed to Guatemala on January 30, 2015. (Status Report Ex. U.) Consequently, the claims asserted in the petition are now moot. Because he is no longer in immigration custody and the petition only challenges Petitioner's immediate custody, there is no relief that the Court can give to Petitioner. *See Abdala*, 488 F.3d at 1064-65; *see also Hose v. INS*, 180 F.3d 992, 995 (9th Cir. 1999) (en banc); *Ferry v. Gonzalez*, 457 F.3d 1117, 1132 (10th Cir. 2006).

Petitioner has not otherwise asserted any collateral consequences of his federal custody or removal that his petition can redress. *See Abdala*, 488 F.3d at 1064-65. The petition is also not reviewable under the exception to mootness for cases that are "capable of repetition, yet evading review." *See Murphy*, 455 U.S. at 482. Accordingly, the instant petition became moot when Petitioner was removed from the United States and was released from immigration custody. As such, the petition is subject to dismissal without prejudice for lack of jurisdiction. *See Spencer*, 523 U.S. at 7.

## II.   CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES AS MOOT** the petition and **DISMISSES WITHOUT PREJUDICE** this action.

**IT IS SO ORDERED.**

**DATED: June 8, 2015**

**Hon. Cynthia Bashant**
**United States District Judge**